UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00160-TWP-DLP |
| ROBERTO CRUZ-RIVERA<br>a/k/a ROBERT RIVERA<br>a/k/a ROBERTO CARLOS CRUZ RIVERA, | ) ) ) ) -01 |
| Defendant. | ) ) |

**ENTRY ON DEFENDANT'S MOTIONS *IN LIMINE*** 

This matter is before the Court on identical Motions *in Limine* filed by Defendant Roberto Cruz-Rivera ("Cruz-Rivera") (Filing No. 50; Filing No. 65).[1] Cruz-Rivera is before the Court on a charge of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250 ("Section 2250") (Filing No. 12). In his Motions *in Limine*, Cruz-Rivera argues that the Court should prevent Plaintiff United States of America (the "Government") from introducing or discussing certain evidence, to which the Government responded on July 12, 2021 (Filing No. 73). For the following reasons, the Court **grants in part and denies in part** the Motions.

## I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp.

---

[1] As these motions are identical, the Court will reference only the first filing (Filing No. 50).

1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. Finally, though the purpose of motions *in limine* may not be as readily apparent in the context of a bench trial (as here), a "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings," and "[t]he prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## II.   DISCUSSION

Cruz-Rivera advances, as far as the Court can tell, four contentions in his Motions *in Limine*.[2] The Court will address each in turn, adding additional facts where necessary.

### A.   Documents described in the index of Exhibit A

Cruz-Rivera requests that the Court enter an order "preventing the government or any of its witnesses from introducing or referring to any of the documents described in the 'index' of Exhibit A," referencing a host of Federal Rules of Evidence in support (Filing No. 50 at 1 (citing Fed. R. Evid. 403, 502, 601, 602, 803, 901, 902, 1002, and 1005)). The Government responds that the "index" is a "list of all files produced through discovery," listing "the file name, bates range, file type, description, and date of production for every file produced." (Filing No. 73 at 1.) "If the Court granted the Defendant's motion," the Government continues, it "would be prohibited from

---

[2] The Government responds to six specific arguments, but the Court finds the final two "arguments" to be better characterized as generalized statements applicable to his other, more identifiable contentions.

introducing *any* exhibits at trial, since all trial exhibits must first be provided to the Defendant through discovery." *Id.* at 2 (emphasis in original). In short, "the Court should deny the Defendant's blanket request to prohibit any evidence that was provided to him through discovery." *Id.* In reply, Cruz-Rivera invites the Court to, among other things, "compare the handwriting of the documents" and strike testimony based on it representing "unfounded and uncorroborated hearsay." (Filing No. 93 at 3.)

At this point in the proceedings, absent context, the Court cannot determine that this list of discovery is not admissible for any purpose and defers individualized admissibility determinations until trial so questions of foundation, relevancy, and prejudice may be resolved in the context of the trial. The Motions *in Limine* are **denied** on this ground.

**B.     Evidence related to pending charges in Savannah, Georgia**

Cruz-Rivera requests that the Court to prohibit evidence related to "pending charges in Savannah, Georgia." (Filing No. 50 at 3.) "The [G]overnment does not oppose this request" and "agrees not to use evidence of any pending criminal charges the Defendant may face in Georgia unless the Defendant opens the door to this evidence." (Filing No. 73 at 2.) The Court **grants** this request.

**C.     Records of Marion County Criminal Convictions**

Cruz-Rivera next argues that the Court should prohibit "records of Marion County Criminal Convictions." (Filing No. 50 at 3.) He argues these convictions have "no relevancy" to the present case and can only serve to "inflame the passions of" the factfinder. *Id.* The Government responds that it "intends to use evidence related to the Defendant's various criminal arrests in Indiana for the purpose of establishing that he left New York and traveled in Indiana during the relevant time period." (Filing No. 73 at 2.) In reply, Cruz-Rivera argues that the Court can take "judicial notice"

of his "extensive work history within the state of Indiana," so it need not allow in this evidence to establish his presence in the state (Filing No. 93 at 4).

Again, the Court cannot determine that evidence of Marion County convictions is not admissible for any purpose and defers this admissibility determination until trial so questions of foundation, relevancy, and prejudice may be resolved in the context of the trial—especially in light of the potential for other evidence (or stipulations) to establish that Cruz-Rivera traveled in Indiana during the applicable period. The Court encourages a stipulation on this issue. However at present, the Motions *in Limine* are **denied.**

D. **Evidence that Cruz-Rivera was previously charged with failing to register as a sex offender in Marion County.**

Cruz-Rivera next contends that the Court should bar evidence that he was previously charged with failing to register as a sex offender in Marion County (Filing No. 50 at 3). Again, Cruz-Rivera maintains, this does not "have relevancy" to the case at bar and will instead be used merely to "inflame" the factfinder. *Id.* The Government responds that "[t]he fact that the Defendant has been previously charged with failing to register as a sex offender demonstrates that he knew he needed to register as a sex offender." (Filing No. 73 at 3.) "In fact," the Government concludes, "it is difficult to imagine better evidence that a defendant knowingly failed to register than the fact that he was previously charged with failing to do so." *Id.* In reply, Cruz-Rivera contends that he "was never charged with a sex offence [sic] in the state of Indiana, and was never subject to any registration requirement by the state of Indiana." (Filing No. 93 at 4.)

Once more, the Court cannot conclude at this time that this evidence is inadmissible for any purpose and defers this admissibility determination until trial so questions of foundation, relevancy, and prejudice may be resolved in the context of the trial. As the Government notes, this

evidence may have significant bearing on Cruz-Rivera's knowledge of his registration requirement.

The Motions *in Limine* are **denied** on this ground.

### III. CONCLUSION

For the preceding reasons, the Court **GRANTS in part and DENIES in part** Cruz-Rivera's Motions *in Limine* ([Filing No. 50](#); [Filing No. 65](#)).

**SO ORDERED.**

Date: 8/5/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERTO CRUZ-RIVERA
26948-017
MARION COUNTY JAIL
40 South Alabama Street
Indianapolis, IN 46204

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
adam.eakman@usdoj.gov

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
james.warden2@usdoj.gov