## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-00160-TWP-DL |
| | ) |
| ROBERTO CRUZ-RIVERA, | ) |
| aka Robert Rivera | ) |
| aka Roberto Carlos Cruz Rivera, | ) |
| | ) |
| Defendant. | ) |

### ENTRY DENYING MOTIONS FOR PRETRIAL RELEASE

This matter is before the Court on *pro se* Defendant Roberto Cruz-Rivera's ("Cruz-Rivera") identical Motions For Pretrial Release. (Dkts. 68 and 70.) For the reasons stated below, the Motions are **denied**.

### I. BACKGROUND

On July 22, 2020, Cruz-Rivera was charged by criminal complaint and arrested on the resulting warrant in the Northern District of Florida. *See United States v. Cruz-Rivera*, Case No. 1:20-cr-00245-JPH-TAB. On September 20, 2020, a federal grand jury in the Southern District of Indiana returned an Indictment against Cruz-Rivera for one count of Failure to Register as a Sex Offender in violation of 18 U.S.C.§2250(a), in Case No. 1:20-cr-00245-JPH-TAB. Following extraditions proceedings, Cruz-Rivera waived a detention hearing and was ordered detained pending trial. On May 5, 2021 the charges in Case No. 1:20-cr-00245-JPH-TAB were dismissed without prejudice.

On May 18, 2020, an Indictment was filed in the instant matter under Case No. 1:21-cr-00160-TWP-DLP, which again charged Cruz-Rivera with one count of Failure to Register as a

Sex Offender. (Dkt. 12.) This felony offense carries a statutory maximum sentence of ten years' imprisonment. (Dkt. 4.) A detention hearing before the Magistrate Judge was scheduled for June 3, 2021, but at that hearing, Cruz Rivera waived a detention hearing pursuant to 18 U.S.C. §3142(f)(2), "subject to re-filing within statutory guidelines". (Dkt. 32.) The waiver was accepted by the Magistrate Judge and Cruz-Rivera was ordered detained pending trial. *Id*.

Cruz-Rivera now moves for pretrial release and asks the Court to "review the record, consider the length of his pretrial incarceration, the governments lack of diligent preparation for trial" and the "economical implication of the compulsory process for obtaining witnesses, which has not been previously considered." (Dkt. 68 at 1). He further requests that his motion be considered without a hearing, based on available information. *Id*.

The Government opposes the Motions and has filed a Response in opposition, (Dkt. 83), as well as a Supplemental Response which corrects that Cruz-Rivera no longer has an outstanding warrant from the Marion Superior Court. (Dkt. 88 and Dkt. 88-1.)

## II. LEGAL STANDARD

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the court must consider the following factors under 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2) the weight of the evidence against the accused;

(3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

> The detention hearing
>
> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officers finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

*Id*. § 3142(f). In addition, a judicial officer "may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id*. § 3142(i).

### III. DISCUSSION

As an initial matter, the Court grants Cruz-Rivera's request to rule on the record, and agrees that a detention hearing is not necessary. The Court takes judicial notice of the Indictment and all documents filed in this case, and incorporates the evidence, exhibits and argument presented in the parties' briefing.

Cruz-Rivera asserts that he should be released from custody to help him prepare for the upcoming trial. (Dkt. 68 at 1.) He maintains that he was given pretrial release in a previous case in which he complied with the conditions and he can be trusted to appear before the Court if released in this case. *Id*. at 6-8. The Government opposes release and argues the issue of detention should not be reopened under § 3142(f), and that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required and the safety

3

of any other person and the community if Cruz-Rivera is released.  *See* 18 U.S.C. §3142(f).

The Government first contends the issue of detention should not be reopened because Cruz-Rivera has not identified any information that was not known at the time he waived his original detention hearing.  *See* 18 U.S.C. § 3142(f).  In his Motions, Cruz-Rivera addresses his prior employment, his good character, his prior criminal cases, his *pro se* status, and the procedural history of the case.  (Dkt. 83 at 2.) The Government argues all of this information was available at the time he initially waived his detention hearing.  *Id*.  In a footnote, the Government points out that even when a criminal defendant initially waives a detention hearing, a court still can reopen the issue of detention only if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that information has a material bearing on the issue.  *United States v. Latorres*, No. 1:19-cr-758, 2020 WL 1898844, at *1 (N.D. Ohio Apr. 15, 2020) (denying pretrial release after a defendant initially waived his detention hearing because the defendant did not present a change in circumstance warranting his release).

As to their first contention, the Court is not persuaded.  Because Cruz-Rivera is a *pro se* litigant, his pleadings can be more liberally construed.  He was allowed to make his waiver "subject to re-filing within statutory guidelines" and that condition was accepted by the Magistrate Judge.  (Dkt. 32.)  In addition, there is information that was not available at the time he initially waived his detention hearing.  At the time when Cruz-Rivera waived the detention hearing, he had an active warrant for his arrest for a pending case in the Marion Superior Court, for Failure-to-Register.  (Dkt. 10 at 4.)  As noted by the Government in their Supplemental Response, that case has since been dismissed.  (Dkt. 88-1.)  For these reasons, the Court will allow Cruz-Rivera to reopen the issue of detention and will consider the merits of his Motions for Supervised Release.

Detention may be based on a showing of either dangerousness or risk of flight; proof of

both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the appearance of the defendant, the Government bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Leibowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

The standard for pretrial detention is "reasonable assurance"; a court may not order pretrial detention when there is no condition or combination of conditions which would guarantee the defendant's appearance or the safety of the community. *Portes*, 786 F.2d at 764 n. 7. If the court determines that no condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of any other person and the community, the defendant must be detained pending trial. *Id*., §3142(e) and (f).

Cruz-Rivera points out that the crime charged—Failure to Register as a Sex Offender—"is not a crime of violence, terrorism, controlled substance, firearms, explosives or a sex crim, nor a crime involving children". (Dkt. 68 at 6.) The Pretrial Service Report ("PS3") shows that Cruz-Rivera has no history of mental health treatment, substance abuse history, or substance abuse treatment. (Dkt. 10 at 2.) He was last gainfully employed in Florida, in February 2020, earning approximately $6,000.00 monthly. *Id*. He has past employment of being a successful cook at Lucas Oil Stadium, the Indiana Convention Center, and several downtown Indianapolis hotels.

(Dkt. 68 at 6.) In addition, he does not have a U.S. passport and has never traveled outside of the United States. *Id*.

On the other hand, the Government has presented substantial evidence that Cruz-Rivera poses a danger to the community. He is a convicted sex offender and his convictions for the offenses of Assault with Intent to Cause Serious Injury with a Weapon, in the first degree, and Rape, Forcible Compulsion, in the first degree, are both violent offenses. (Dkt. 10 at 3.) While serving time for those offenses, Cruz-Rivera was convicted of Assault in the third degree with Intent to Cause Physical Injury involving a correctional officer. *Id*. Upon release from imprisonment, he committed more crimes, including auto theft and resisting law enforcement. *Id*. at 3-4. In the PS3, the Probation Officer recommended detention based on (1) Prior Arrests and Convictions, (2) Violent Behavior History, (3) Pretrial, Probation, Parole, or Supervised Release Status and Compliance, (4) History Involving Sex Offense/Abuse, and (5) History Involving Violence pending the trial. *Id*. at 4.

The Government has also presented substantial evidence that Cruz-Rivera is a risk of flight. Prior to his arrest, Cruz-Rivera was living in Florida. *Id*. at 1. He has no family residing in Indiana, owns no property in Indiana, has no financial ties to Indiana, and does not have employment in Indiana. *Id*. Other than living in Indiana from 2017-2019, he has no connections to Indiana. *Id*. And despite Cruz-Rivera's assertions to the contrary, he has a history of violating conditions of release. On August 28, 2017, he violated the terms of his community release. *Id*. at 3. On August 6, 2018, he failed to appear in court. *Id*. In 2020, he violated the terms of probation—twice. *Id*. at 4. Although he no longer has an active warrant in Indiana state court, Cruz-Rivera has an active outstanding warrant from Columbus, Ohio because he failed to appear for court. *Id.* The Probation Officer assessed that Cruz-Rivera poses a risk of nonappearance for

the following reasons: (1) Lack of Familial, Residential, Community, Employment, Property, and Financial Ties, (2) Criminal History Including Record of Failure to Appear, and (3) Pretrial, Probation, Parole, or Supervised Release Status and Compliance. *Id*. at 4. In addition, Cruz-Rivera scored a Category 3 on a pretrial risk assessment, indicating a moderate risk of flight and/or danger to the community. (Dkt. 10 at 5.)

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Cruz-Rivera's character, his lack of family ties, employment, financial resources, community ties, lack of mental health and substance abuse history, past conduct, criminal history and the record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A). Having weighed the evidence and based upon the totality of evidence set forth above, the Court finds the Government has shown by clear and convincing evidence that Cruz-Rivera's release would present a danger to others and the community. The Government has also shown by a preponderance of the evidence, that he is a serious risk of flight. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk of flight or danger to others, that Cruz-Rivera's release poses.

## IV. **CONCLUSION**

For the reasons stated above, Cruz-Rivera's Motions For Pretrial Release, Dkts. [68] and [70] are **DENIED**. The Court acknowledges Cruz-Rivera's plea of not guilty of the offenses charged and recognizes that he has been held since July 2020. The Court respects his desire to proceed to trial as scheduled on August 18, 2021. The parties are encouraged to prepare for the

conclusion of this matter on that date. If Cruz-Rivera is acquitted, he will be able to promptly return home.

**SO ORDERED.**

Date: 8/6/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Roberto Cruz-Rivera, #26948-017
MARION COUNTY JAIL
40 SOUTH ALABAMA STREET
INDIANAPOLIS, IN 46204

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov