UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cr-00160-TWP-DLP |
| ) | |
| ROBERTO CRUZ-RIVERA ) | |
|   a/k/a ROBERT RIVERA ) | |
|   a/k/a ROBERTO CARLOS CRUZ RIVERA, ) | -01 |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendant Roberto Cruz-Rivera ("Cruz-Rivera") (Filing No. 42). Cruz-Rivera is before the Court on a charge of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250 ("Section 2250") (Filing No. 12). In his Motion to Dismiss, Cruz-Rivera advances multiple grounds for dismissal, to which Plaintiff United States of America (the "Government") responded on June 25, 2021 (Filing No. 46). For the following reasons, the Court **denies** the Motion to Dismiss.

### I.      DISCUSSION

Cruz-Rivera advances his Motion to Dismiss on seven grounds (*see* Filing No. 42). The Court will address each of these arguments in turn, including relevant facts where necessary.

**A.      Acquisition of Cell-site Location Data**

Cruz-Rivera first argues that the indictment against him ("the Indictment") (Filing No. 12) should be dismissed because his location was tracked "through his cell phone[] without a warrant," violating his Fourth Amendment rights (Filing No. 42 at 1 (citing *Carpenter v. United States*, 138 S. Ct. 2206 (2018)). In response, the Government notes one problem with this contention: officials "*did* obtain a search warrant supported by probable cause before tracking [Cruz-Rivera's]

location." (Filing No. 46 at 3 (citing Filing No. 46-1). The Court agrees that this dooms Cruz-Rivera's argument. Because the Government successfully obtained a warrant (*see* Filing No. 46-1 at 15), this basis for dismissal (relying on the absence of a search warrant) is misplaced. Accordingly, the Court will **deny** the Motion on this ground.

**B.**     **Notice of Charge**

Cruz-Rivera next contends that the Indictment did not provide him with sufficient notice of the charge he was facing (Filing No. 42 at 3 (contending that the Indictment must expressly identify the activities implicating interstate commerce but is gravely "void of such notice")). In response, the Government contends that "the Indictment is legally sufficient": "It states the elements of the crime charged, informs the Defendant of the nature of the charges against him, and allows him to assert the judgment as a bar to future prosecutions of the same offense." (Filing No. 46 at 4.) And while more information about the precise connection between travel and the criminal elements of the offense "may help the Defendant prepare his defense, that level of detail is not required." *Id.* at 5 (citing *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996), *aff'd*, 522 U.S. 23 (1997)).

The Court agrees with the Government. An indictment need only "(1) state[] all the elements of the crime charged, (2) adequately inform[] the defendant of the nature of the charges against him, and (3) allow[] the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citation omitted). Here, the Indictment satisfies all three elements by tracking the language of the statute, stating

COUNT 1
18 U.S.C. § 2250(a)
Failure to Register as a Sex Offender

On or before approximately September 15, 2017, and continuing through on or about March 14, 2020, in Indianapolis, Indiana and elsewhere, in the Southern District of Indiana, the defendant,

**ROBERTO CRUZ-RIVERA**,

a sex offender by reason of conviction for a felony crime in the State of New York, that being, First Degree Rape, in violation of N.Y.S. 130.35(1), and a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce to the State of Indiana, and did knowingly fail to register or update a registration.

(Filing No. 12 at 1.) This paragraph stated all the elements of the crime charged, informed Cruz-Rivera of the charges against him, and allowed him to assert the judgment as a bar to future prosecutions. The Court will **deny** the Motion on this ground.

**C.      Constitutionality of Section 2250**

Moreover, Cruz-Rivera contends that Section 2250's registration requirements, "as applied through the United States Constitution, Article I, section 8 is constitutionally invalid within the scope of Mr. Cruz-Rivera's alleged travel in interstate commerce." (Filing No. 42 at 4.) Specifically, Cruz-Rivera argues that "traveling in a public road on a non-commercial vehicle is not synonymous with interstate commerce." *Id.* Cruz-Rivera maintains that he "did not travel in interstate commerce" because he merely engaged in "non-commercial travel in open public roads." *Id.* In support, Cruz-Rivera point to *Gibbons v. Ogden*, 22 U.S. 1 (1824), quoting it, among other things, as stating that "commerce, undoubtedly, is traffic, but is something more." *Id.* In response, the Government maintains that this argument fails because "[t]he Supreme Court has held that Congress had the authority to enact [Section 2250's] registration requirements under the Necessary and Proper clause of the Constitution." (Filing No. 46 at 5 (citing *United States v. Kebodeaux*, 570 U.S. 387, 399 (2013)).) In reply, Cruz-Rivera argues that the requirement is "vague," and invites the Court to "take into consideration whether . . . 'travel in interstate commerce' properly describes Mr. Cruz-Rivera's mode of travel to the State of Indiana." (Filing No. 67 at 11.)

The Court determines that this argument fails. As succinctly stated by the Seventh Circuit:

3

> Interstate travel inherently involves use of channels of interstate commerce and is properly subject to congressional regulation under the Commerce Clause. Moreover, *Lopez* explicitly acknowledges Congress' power to regulate persons traveling in interstate commerce. [*United States v. Lopez*, 514 U.S. 549, 558 (1995).] Accordingly, section 2250 is a permissible exercise of congressional power under the Commerce Clause because the use of the channels and instrumentalities of interstate commerce is necessarily a part of the commission of the targeted offense. Vasquez, who had failed to register as a sex offender in Illinois, was undeniably a "person . . . in interstate commerce" when he moved from Illinois to California, and traveled to California via the "channels of interstate commerce."

*United States v. Vasquez*, 611 F.3d 325, 330 (7th Cir. 2010). Accordingly, the Court **denies** the Motion to Dismiss on this ground.

### D.  Identification of Interstate Travel

Cruz-Rivera additionally argues that "[f]ailure to state essential elements of traveling in interstate commerce within the scope of Title 18, United States Codes Section 2250(a), violates Federal Rules of Criminal Procedure, Rule 3, and Rule 7, which deprives the Defendant of his Constitutional Rights." ([Filing No. 42 at 6](#).) Specifically, Cruz-Rivera maintains that the Indictment did not describe "the economic activity that substantially affected interstate commerce." *Id.* In sum, Cruz-Rivera questions "what is commerce in 'interstate commerce'" and seeks guidance on how that term relates to travel between states. *Id.* at 7. In response, the Government maintains that "traveling in interstate commerce—not substantially affecting interstate commerce—triggers the statute's registration requirements." ([Filing No. 46 at 7](#).) Here, the Government concludes, the Indictment clearly alleges that Cruz-Rivera "travelled in interstate commerce." *Id.*

Again, as described in the immediately prior subsection, a qualified individual need only travel from state to state to satisfy the jurisdictional element of Section 2250. *See Vasquez*, 611 F.3d at 330 ("[T]he *use of* the channels and instrumentalities of interstate commerce is necessarily a part of the commission of the targeted offense.") (emphasis added). Because the Indictment here

sufficiently alleged that Cruz-Rivera "traveled in interstate commerce to the State of Indiana," the Court will **deny** the Motion to Dismiss on this ground.

E. **Fundamental Conceptions of Justice, Fair Play, and Decency**

Further, Cruz-Rivera argues that "[f]undamental conceptions of justice, fair play, and decency have been violated depriving Mr. Cruz-Rivera of due process requiring this Court to determine the constitutional legitimacy of the present prosecution as a matter of law." (Filing No. 42 at 8.) Specifically, Cruz-Rivera argues that his due process rights will be violated if he is compelled "to stand trial after the government delayed indictment without explanation, justification or cause, for three years after the alleged offense." *Id.* at 9. The Government argues that Cruz-Rivera is attempting to use this Court as an appellate court to review Judge Hanlon's decision to dismiss without prejudice a prior case bringing the same charges against Cruz-Rivera (Filing No. 46 at 8). Cruz-Rivera replies that "delays continue to be against due process," and that he has been prejudiced because (1) he (and his former counsel) could not prepare a "defense strategy," (2) his "liberty" has been interfered with despite the availability of video teleconferencing, (3) his arrest has "disrupted his employment," (4) his incarceration has "drained his financial resources," (5) his associations have been "curtailed," and (6) he has been deprived access to witnesses and their memories have been "impaired" since the time of the alleged offense (Filing No. 67 at 2–5).

"Pre-indictment delay may constitute a due process violation if it substantially prejudices the defendant even if the indictment was returned within the limitations period." *United States v. Hollins*, 811 F.2d 384, 387 (7th Cir. 1987) (citation omitted). "The defendant bears the burden of showing "actual and substantial prejudice *to his defense*." *Id.* (citing *United States v. Williams*, 738 F.2d 172, 175 (7th Cir. 1984)) (emphasis added). The closest Cruz-Rivera comes to demonstrating prejudice as contemplated by due process in this context is his argument that memories have

perhaps been impaired since the underlying events (*see* Filing No. 67 at 5). But the Seventh Circuit has specifically held that an unsupported assertion that the fading "memory of events that occurred between" several years does not establish actual and substantial prejudice. *United States v. Brock*, 782 F.2d 1442, 1444 (7th Cir. 1986). Because "a general assertion that the mere passage of time prevented [defendant] from credibly reconstructing the [relevant] events" does not establish actual and substantial prejudice, *United States v. Watkins*, 709 F.2d 475, 479 (7th Cir.1983), the Court will **deny** Cruz-Rivera's Motion to Dismiss on this ground, *see Brock*, 782 F.2d at 1444 ("[I]t was not until 1981 that the government chose to indict Brock on charges arising from his 1977 arrest. Since the pre-indictment delay did not prejudice Brock's defense, we conclude that the government did not violate due process by indicting Brock over four years after his arrest.").

F.  **Probable Cause that Travel was Knowingly Done**

Cruz-Rivera also challenges whether probable cause supported the Indictment's finding that he "knowingly" violated Section 2250 because the Government apparently lacked evidence to prove that he knew about Section 2250's registration requirement (Filing No. 42 at 15–18). The Government, however, responds that the issuance of an indictment in and of itself represents conclusively that probable cause supported its issuance, citing to *Kaley v. United States*, 134 S. Ct. 1090 (2014). In *Kaley*, the Supreme Court noted that

> An indictment fair upon its face, and returned by a properly constituted grand jury, we have explained, conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged. And conclusively has meant, case in and case out, just that. We have found no authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof. To the contrary, the whole history of the grand jury institution demonstrates that a challenge to the reliability or competence of the evidence supporting a grand jury's finding of probable cause will not be heard. The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime.

6

*Id.* at 1097–98. In reply, Cruz-Rivera maintains that the Court "must determine" that Cruz-Rivera knowingly violated Section 2250 (Filing No. 67 at 7).

A "grand jury indictment conclusively establishes probable cause." *United States v. Schreiber*, 866 F.3d 776, 782 (7th Cir. 2017). Here, the issuance of the Indictment conclusively established that the grand jury found probable cause that Cruz-Rivera knowingly violated Section 2250, and the Court will not disturb that finding. Because "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (citation omitted), the Court will **deny** the Motion to Dismiss on this ground.

**G.    Use of Nickname**

Finally, Cruz-Rivera argues that "Robert Rivera is not a nickname or an alias of Mr. Cruz-Rivera but rather a name created by the state of New York under circumstances that were beyond Mr. Cruz-Rivera's control and presents the court with a question of law as to the use of a fictitious name on a written instrument to satisfy the requirements of 18 U.S.C. 2250." (Filing No. 42 at 20.) Because the use of a fictious name is criminalized in some instances, Cruz-Rivera argues, "principles of reformation" entitle him to "an agreement that the use of the fictitious name 'Robert Rivera' will not result in a criminal conviction." *Id.* at 21–25. The Government responds that "[t]his argument fails to state grounds for dismissing the Indictment." (Filing No. 46 at 10.) In short, "[w]hile the name 'Robert Rivera' may be pertinent to the government's proof at trial, it does not form the legal basis of the charge against the Defendant." *Id.*

The Court cannot decipher how this argument pertains to dismissing the Indictment. As discussed above, the Court is extremely wary of disturbing the probable cause found by the grand jury in the Indictment, which includes the name "Roberto Cruz-Rivera." Because of lack of cogent argument to this point, the Court will **deny** the Motion to Dismiss on this ground. If Cruz-Rivera

7

sees fit to argue that he was justified in using this "non-alias" name as an affirmative defense at trial, then he is free to do so then.

## II. CONCLUSION

For the preceding reasons, the Court **DENIES** Cruz-Rivera's Motion to Dismiss (Filing No. 42).

**SO ORDERED.**

Date: 8/9/2021

*[Signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERTO CRUZ-RIVERA
26948-017
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
james.warden2@usdoj.gov