**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00160-TWP-DLP |
| | ) | |
| ROBERTO CRUZ-RIVERA | ) | |
| a/k/a ROBERT RIVERA | ) | |
| a/k/a ROBERTO CARLOS CRUZ RIVERA, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTIONS *IN LIMINE***

This matter is before the Court on Motions *in Limine* filed by Plaintiff United States of American (the "Government") (Filing No. 79). Defendant Roberto Cruz-Rivera ("Cruz-Rivera") is before the Court on a charge of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a) (Filing No. 12). For the following reasons, the Court **grants** the Government's motion.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Beyers v. Consol. Ins. Co.*, No. 1:19-cv-1601-TWP-DLP, 2021 WL 1061210, at *2 (S.D. Ind. Mar. 19, 2021) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Finally, though the purpose of motions *in limine* may not be as readily apparent in the context of a bench trial (as here), a "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings," and "[t]he prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## II. DISCUSSION

The Government moves *in limine* on five matters. The Court will address each in turn and supply relevant facts as necessary.

### A. To prohibit evidence and argument related to the merits of Cruz-Rivera's Sex-Offense conviction

"The government requests that the Court prohibit . . .evidence designed to demonstrate that the Sex Offense conviction was not the correct decision." (Filing No. 79 at 3 (The current "indictment alleged that the Defendant was required to register as a sex offender because he was convicted of 'First Degree Rape, in violation of N.Y.S. 130.35(1)' (the 'Sex Offense')."). To the Government, this evidence is irrelevant: "Whether the conviction for the Sex Offense was the correct result is not a fact of consequence in determining this action," and Cruz-Rivera should be barred from arguing "that he should not have been convicted of the Sex Offense." *Id.* at 4. Moreover, admission of the evidence "would be a waste of time" and would lead to a "mini-trial" over the sufficiency of evidence supporting the prior conviction. *Id.* In short, "evidence related to the Sex Offense should be restricted to whether the Defendant was convicted of the Sex Offense or not." *Id.* at 4–5. In response, Cruz-Rivera contends that the above argument is "without legal justification," and maintains that if the Government introduces any details about the conviction, he should "be able to defend against it." (Filing No. 95 at 1.)

The Court agrees with the Government—the underlying details of the conviction and trial are not relevant to this case, even if the underlying conviction is. *See United States v. Miller*, 673 F.3d 688, 696 (7th Cir. 2012) ("Because felon status is an element of the felon-in-possession charge, the government needed to prove that Miller was a convicted felon. The fact of his prior conviction of an *unspecified* felony was admissible for that purpose. The nature and underlying story of that prior conviction, however, were not necessary or admissible merely to prove felon status.") (citation omitted) (emphasis in original); *see also* 18 U.S.C. § 2250 ("Whoever . . . is a sex offender . . ."). The Government's Motion is **granted** as to the merits of the Cruz-Rivera's sex offense conviction.

**B.     To prohibit argument related to the Cruz-Rivera's sex-offender "tier"**

"[T]he [G]overnment respectfully requests that the Court prohibit the Defendant from arguing or introducing evidence designed to demonstrate that he was not required to register as a sex offender because the time period for his required registration had expired." (Filing No. 79 at 6.) The determination of a Defendant's "tier" for registration length period, the Government maintains, is a question of law, and even under the "lowest" tier, Cruz-Rivera would still be required to register as a sex offender for many years to come. *Id.* at 6, 5 ("Tier I offenders must register for fifteen years. . . . The Defendant was convicted of the Sex Offense in 2000, but he was not released from incarceration until on or about October 30, 2015. The time the Defendant spent incarcerated is excluded from calculating the time in which the Defendant was required to register. 34 U.S.C. § 20915(a)."). Cruz-Rivera again responds that this argument is "without legal justification or foundation, and would only serve the purpose of limiting the Court from considering all available admissible evidence." (Filing No. 95 at 2.)

The Court again agrees with the Government. As a matter of law, "[a] sex offender shall keep the registration current for the full registration period (*excluding any time the sex offender is*

*in custody* or civilly committed) . . . . The full registration period is--(1) 15 years, if the offender is a tier I sex offender." 34 U.S.C. § 20915(a) (emphasis added). As Cruz-Rivera was not released from custody until 2015, he would be required to register—even as a "tier I sex offender"—until at least 2030. Accordingly, there is no need to delve into which tier is applicable to Cruz-Rivera. The Government's Motion is **granted** as to Cruz Rivera's sex offender tier.

**C. To prohibit evidence and argument related to Case No. 1:20-cr-00245-JPH-TAB**

"The [G]overnment believes that the Defendant may argue at trial that this case is improper because [a] prior case that brought the same charge (1:20-cr-00245-JPH-TAB) was dismissed." (Filing No. 79 at 6.) But Cruz-Rivera should be barred from making this argument, the Government contends, for two reasons: it is (1) "procedurally improper" and (2) "not relevant." *Id.* at 6–7. First, this case is not the proper arena to contest whether the prior case was improperly dismissed "without prejudice." *Id.* at 6. And second, "[w]hether the prior indictment should have been dismissed with prejudice has no bearing on any of the elements of the offense charged in the pending Indictment." *Id.* at 7. Cruz-Rivera uses his response to request that the Court prohibit evidence of other cases against him but does not challenge the Government's position (Filing No. 95 at 4).

The Court agrees with the Government. Case Number 1:20-cr-00245-JPH-TAB has no bearing or relevance here, and any challenge to determination made therein would represent an impermissible collateral attack on that separate action. Moreover, Cruz-Rivera's response brief is not the proper vehicle to request his own relief *in limine*. The Government's Motion is **granted** as to Case No. 1:20-cr-00245-JPH-TAB.

**D. To admit evidence of the Cruz-Rivera's Sex-Offense Conviction**

"During trial, the government will introduce evidence that the Defendant has been previously convicted of a sex offense." (Filing No. 79 at 7.) In support, the Government notes that

the "sealed and signed copy of the judgment against the Defendant . . . bears a seal of the state of New York and was signed by the clerk of the court." *Id.* This, the Government maintains, sufficiently authenticates the document "without any additional extrinsic evidence." *Id.* Moreover, this judgment document "does not violate the rules against hearsay" because it meets all the necessary prongs of the requisite test for exclusion: specifically, the convicting court "arrived at the judgment after the Defendant plead guilty to the charges and the crime was punishable by more than a year" and is "necessary to prove an element of the instant offense." *Id.* at 7–8. In response, Cruz-Rivera argues that this request "should be denied as moot" because he has "never denied that he was wrongfully convicted of rape when he was a teenager." (Filing No. 95 at 2.)

Under Rule 803(22), "[e]vidence of a final judgment of conviction" is admissible if:

(A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;

(B) the conviction was for a crime punishable by death or by imprisonment for more than a year;

(C) the evidence is admitted to prove any fact essential to the judgment; and

(D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

Here, as explained by the Government, all the requisite elements of admissibility are met. Cruz-Rivera pled guilty and served fifteen years, and sex-offender status is an essential element of the present action. Because each element is met, the Government's Motion is **granted** as to the prior judgment against Cruz-Rivera.

**E. To admit the Cruz-Rivera's statements made in his various court filings.**

Finally, "[t]he [G]overnment intends to offer into evidence several statements the Defendant made in documents he filed with the Court." (Filing No. 79 at 8.) In response, Cruz-

Rivera broadly argues that this request is "frivolous, immaterial and irrelevant to the issues of the case." (Filing No. 95 at 3.)

Federal Rule of Evidence 801(d)(2)(A) excludes from the definition of hearsay any statements that are "offered against an opposing party and [were] made by the party in an individual or representative capacity." As the Seventh Circuit explained recently in affirming this Court,

> the district court did not abuse its discretion when it admitted Guzman-Cordoba's testimony against her. Guzman-Cordoba's statements are non-hearsay under Rule 801(d)(2)(A), because her own statements were offered by the government, against her. *See United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020) (prior statements by the defendant to an interviewing officer were non-hearsay under Rule 801(d)(2)(A)).

*United States v. Guzman-Cordoba*, 988 F.3d 391, 405–06 (7th Cir. 2021), *reh'g denied* (Mar. 8, 2021). The statements made by Cruz-Rivera in his court filings, then, are admissible. The Government's Motion is **granted** as to the various statements outlined in its brief (*see* Filing No. 79 at 8–9).

## III. CONCLUSION

For the preceding reasons, the Government's Motions *in Limine* are **GRANTED** (Filing No. 79).

**SO ORDERED.**

Dated: August 9, 2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERTO CRUZ-RIVERA
26948-017
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
james.warden2@usdoj.gov