# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00160-TWP-DLP |
| | ) | |
| ROBERTO CRUZ-RIVERA, | ) | |
| aka Robert Rivera | ) | |
| aka Roberto Carlos Cruz Rivera, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## AND MOTION FOR RECONSIDERATION

This matter is before the Court on *pro se* Defendant Roberto Cruz-Rivera's ("Cruz-Rivera")

Request for Dismissal of the Case in the Interest of Justice, (Dkt. 142), and Motion for

Reconsideration Dkt. 133 and Motion to Dismiss, (Dkt. 143).  For the reasons stated below, the

Motions are **denied**.  The Court will address each Motion in turn.

## I.  DISCUSSION

In his Request for Dismissal in the Interest of Justice, (Dkt. 142), Cruz-Rivera discusses

his childhood, provides insight into "the stages of growth in [his] life" and raises the issues of

Equal Protection of the Laws, the poor handling of the Coronavirus 2019 (COVID-19) pandemic

as it relates to prisons and jails, Cruel and Unusual Punishment, and failures of the criminal justice

system.  While some of his concerns might be addressed in civil rights litigation, none of them

allow dismissal of this criminal case.  Accordingly, the motion is **denied**.

In his Motion for Reconsideration Dkt. 133 and Motion to Dismiss, (Dkt. 143), Cruz-

Rivera once again asks the Court to reconsider its prior rulings and dismiss his case due to Speedy

Trial violations.  A court may grant a motion to reconsider where a movant demonstrates a manifest

error of law or fact. *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

Among the factors that a district court must consider when conducting the ends-of-justice analysis is whether the failure to continue the proceeding would make the proceeding "impossible" or otherwise "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). As it was allowed to do, the Court, on its own motion, continued the August 18, 2021 bench trial because Cruz-Rivera was quarantined due to COVID-19. (Dkt. 133.) The Court made this ends of justice finding on the specific fact that the Marion County Jail had placed Cruz-Rivera in quarantine. As many courts have found, the delay of trials because of COVID-19 in general, can further the ends of justice and outweigh the interest of a Defendant and the public to a speedy trial.[1] Here, the days between August 18 and September 22, 2021 are excluded from the 70-day clock, and the brief continuance did not violate Cruz-Rivera's right to a speedy trial. As explained in the Entry on Pending Motions, the Court carefully weighed the health concerns of all parties and participants, Cruz Rivera's right to a speedy trial, and the public's interest in having the case proceed efficiently, and under the circumstances, the balance of factors clearly weighs against Cruz-Rivera's motion to dismiss this case because of any speedy trial violations. (Dkt. 145 at 9.)

In the United States of America's Response to the Defendant's Motion to Dismiss, (Dkt. 144), the Government points out, even if the continuance was not justified by the ends of justice, Cruz-Rivera will still have his trial within the 70-day window, based on the following calculation:

> The Defendant's initial appearance occurred after the Indictment, so the 70-day clock started on May 27, 2021. Dkt. 28. The clock was stopped 15 days later when the Defendant filed his Omnibus Motion and his Motion to Dismiss. Dkt. 41; dkt. 42. On August 9, 2021, the Court ruled on those motions. Dkt. 114; dkt. 115. But that same day, the Defendant filed a Motion for Discretionary Review (dkt. 120),

---

[1] In general, delays caused by the need to mitigate the spread of COVID-19 satisfy this requirement. See *United States v. Pierson*, No. 1:18-cr-00155- JPH-DML, 2021 WL 859737, at *5 (S.D. Ind. Mar. 8, 2021); see also *United States v. Reese*, 482 F. Supp. 3d 816, 819 (D. Minn. 2020) (collecting cases).

so the 70-day clock did not start again until the Court ruled on that motion on August 12[, 2021] (dkt. 127). Twenty-one days later, the Defendant filed four more pretrial motions, all of which are pending. Dkts. 138-141.

Since days in which pretrial motions are pending are excluded from the 70-day deadline, only 36 countable days have passed since the Defendant's initial appearance (15 days + 21 days). Therefore, even with the revised trial date of September 22, [2021,] the Defendant is still getting his trial within the 70-day requirement.

In sum, the Speedy Trial Act excludes delays caused by pretrial motions and the Defendant's need to quarantine. With those periods excluded, the Defendant will have his trial within 70 days of his initial appearance. Therefore, his right to a speedy trial has not been violated and the Indictment should not be dismissed.

(Dkt. 144 at 2-3). The Court agrees with this assessment and calculation.

In a prior motion, Cruz-Rivera stated his "belief that the Government's witnesses did not show up on August 17, 2021, for trial on August 18, 2021," and that the Unites States Marshal service agents informed the court of a "fictitious COVID-19 outbreak" at the jail to stop the trial. (Dkt. 141 at 4). In their Response, the Government clarifies for the record that "[o]n August 17, [2021,] all the government's witnesses were prepared to testify at trial. Furthermore, the government did not coordinate with the jail or the Marshals service to create a fictitious COVID-19 outbreak." *Id.* at 2 n. 1.

Cruz-Rivera has not demonstrated a manifest error of law or fact, nor has he shown that the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties. Accordingly, the Motion to Reconsider is **denied**.

## II.  CONCLUSION

For the reasons stated above, and in Dkt. 145, Defendant Roberto Cruz-Rivera's Request for Dismissal of the Case in the Interest of Justice, Dkt. [142], and Motion for Reconsideration Dkt. 133 and Motion to Dismiss, Dkt. [143], are each **DENIED**.

**SO ORDERED.**

Date:  9/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Roberto Cruz-Rivera, #26948-017
Marion County Jail
40 South Alabama Street
Indianapolis, Indiana  46204

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov