# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cr-00160-TWP-DLP ) |
| ROBERTO CRUZ-RIVERA,<br>aka Robert Rivera<br>aka Roberto Carlos Cruz Rivera, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTIONS FOR ACQUITTAL AND MOTIONS FOR A NEW TRIAL AND MOTION TO STAY

This matter is before the Court on *pro se* Defendant Roberto Cruz-Rivera's ("Cruz-Rivera") Motion for Judgment of Acquittal/New Trial (Reconsideration) (Dkt. 150), Manifest Error of Law (Rule 29 Reconsideration) (Dkt. 152), Reconsideration of Motion for a Judgment of Acquittal at Docket No. 92 (Dkt. 156), Request for Review of Plain Error and for Immediate Release (Dkt. 159), Request for Stay of Appeal (Dkt. 160), and a Motion to Arrest Judgment (Dkt. 162). For the reasons stated below, the Motions are all **denied**.

## I. LEGAL STANDARDS

### A.  Motion for New Trial-Rule 33

Cruz-Rivera bears a heavy burden on his motions for a new trial. A "…verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos*, 20 F.3d 280, 285 (7th Cir.1994) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir.1990), amended on other grounds, 910 F.2d 467 (7th Cir.1990)). Federal Rule of Criminal Procedure 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[C]ourts have interpreted [Rule 33] to

require a new trial 'in the interests of justice' in a variety of situations in which the substantial rights of Cruz-Rivera have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir.1989). It is well settled that such motions are not favored and should be granted only with great caution and only in exceptional circumstances. *See United States v Balistrieri,* 577 F. Supp 1532 (1984).

Evidentiary rulings by the trial court do not warrant a new trial unless Cruz-Rivera can clearly demonstrate that the court abused its wide discretion. *United States v. West*, 670 F.2d 675, 682–8 (7th Cir.), cert. denied, 457 U.S. 1124, 102 S.Ct. 2944, 73 L.Ed.2d 1340 (1982). In order to prevail on a motion for a new trial, a defendant must demonstrate that substantial prejudicial error occurred during the trial. *Id*. The burden upon a defendant to establish the existence of prejudicial error is a heavy one. It is not satisfied by unsupported, conclusory allegations or speculation. *See*, e.g., *United States ex rel. Darcy v. Handy*, 351 U.S. 454, 76 (1956); *United States v. Gross,* 375 F.Supp. 971, 974–5 (D.N.J.1974), affirmed, 511 F.2d 910 (3d Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 266, 46 L.Ed.2d 249 (1975).

The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses; *see also United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). In other words, "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)).

**B.     Motion for Judgment of Acquittal-Rule 29**

Rule 29(a) provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

The Seventh Circuit reviews "a claim that a district court's verdict after a bench trial is unsupported by the evidence with the same deferential standard that applies to a jury verdict" and will "reverse only if, after viewing the evidence in the light most favorable to the government, it determine[s] that no rational trier of fact could have found defendant guilty beyond a reasonable doubt." *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). The Court views the "evidence in the light most favorable to the prosecution," and Cruz-Rivera "'must convince' the court that, even in that light, 'no rational trier of fact could have found him guilty beyond a reasonable doubt.'" *Warren*, 593 F.3d at 546 (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see also United States v. Rahman*, 805 F.3d 822, 836 (7th Cir. 2015).

## II.     FINDINGS OF FACT

This matter came before the Court for a bench trial on September 22, 2021 on the charge that Cruz-Rivera failed to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The three elements of this crime are (1) a qualifying sex offense triggering the registration duty; (2) interstate travel; and (3) a knowing failure to register as required by the Sex Offender Registration and Notification Act ("SORNA"). *Id.* "For a defendant to violate this provision . . . the statute's three elements must be satisfied in sequence, culminating in a post-SORNA failure to register." *Carr v. United States*, 560 U.S. 438, 446 (2010) (quotation omitted). The interstate or foreign commerce travel element is satisfied by proof that the defendant has traveled from one state to another state or to a foreign country after having been convicted of a qualifying "sex offense." *See* 42 U.S.C.

§16911(5). The interstate or foreign travel may not precede the registration requirement. See *Carr v. United States*, 130 S. Ct. 2229 (2010). As for the "knowing" requirement, "SORNA merely requires that a defendant have knowledge that he was required by law to register as a sex offender. The government need not prove that, in addition to being required to register under state law, a defendant must also know that registration is mandated by a federal statute." *United States v. Vasquez*, 611 F.3d 325, 328 (7th Cir. 2010). In other words, "a defendant can be convicted under SORNA if the government can prove that he knew he was required to register as a sex offender." *Id.* at 329. Title 18 USC § 2250(a) provides an affirmative defense where uncontrollable circumstances prevent the individual from complying, the individual did not contribute to the creation of those circumstances, and the individual complied as soon as the circumstances ceased to exist. *See Nichols v. United States*, 136 S. Ct. 1113 (2016).

Testimony at trial was presented from the following witnesses: Deputy U.S. Marshal Robert Jackson, Daniel Morlan, Nicholas Smith, Tracee Hedge, Michael McCalip, Rachel Martin, Travis Micheler, Joyce Williams, Chris Jaussaud, Tyra Stephens, Geena Fleener, Michelle Sechrist, and Brent Myers. Exhibits were admitted into evidence: 1, 2, 3, 100, 101, 102, 103, 104, 4, 5, 6, 7, 8, 9, and 10. The Court initially took judicial notice of the following documents and particular exerts which were read into the record: Dkt. 41 p.13, Dkt. 41 p.18, Dkt. 41 p.19, Dkt. 42 p.20, Dkt. 50 p.3, Dkt. 50 p.4, Dkt. 50 p.6, Dkt. 50 p.18, Dkt. 50 p.24, Dkt. 50 p.25, Dkt. 61 p.2, Dkt. 61 p.3, Dkt. 62 p 1, Dkt. 65 p.3, Dkt. 70 p.3, Dkt. 70 p.5, Dkt. 70 p.6, Dkt. 86 p.11, Dkt. 93 p.4, Dkt. 93 p.6, Dkt. 93 p.14, Dkt. 94 p.10, Dkt. 94 p.13, Dkt. 94-11 p.3, Dkt. 95 p.2, Dkt. 95 p. 3, and Dkt. 142 pp.3 and 4. The Government later requested to offer into evidence under Federal Rule of Evidence 801(d) (2), the documents to which it had previously requested judicial notice. (Dkt. 148.) The Court granted that request. *Id*. Those documents contained statements made by

Cruz-Rivera, against his interest, in filings on the docket of this case.

Following the presentation of evidence and final argument, the Court orally stated its findings of fact and conclusions of law, and determined that the Government met its burden of proving each of the elements beyond a reasonable doubt and Cruz-Rivera was found guilty of Count 1: Failure to Register as a Sex Offender.

With respect to element number one, that Cruz-Rivera was required to register under SORNA, the Court determined the Government has proven beyond a reasonable doubt with fingerprint evidence as well as Cruz-Rivera's admissions that he was convicted of Rape (*see* Exhibit 1)--under the name Robert Rivera--in the state of New York in 2001. This conviction is a qualifying conviction which required him to register under SORNA.

With respect to element number two, that Cruz-Rivera traveled in interstate or foreign commerce, there was substantial evidence that in the fall of 2017 through March of 2020, Cruz-Rivera lived and worked in Indiana. This element is supported by Cruz-Rivera's numerous work records, Bureau of Motor Vehicles records, and his testimony at trial that he was released from prison following the rape conviction in the State of New York, he lived and worked in Indiana for a time and that when he left Indiana, he went to Florida, Arizona and one of the Carolinas.

With respect to the third element that Cruz-Rivera knowingly failed to register as required by SORNA, the record is replete with both direct and circumstantial evidence that Cruz-Rivera knowingly failed to register as required.  The Court agreed with Cruz-Rivera that the authorities in New York were careless in their record keeping and it was inexcusable that they kept such poor records, in particular that page 6 of the registration form was missing is inexcusable.  But even discounting Travis Micheler's testimony, there is sufficient other testimony that Cruz-Rivera knew he was required to register as a sex offender.

The Court heard evidence from Joyce Williams, who is with the City of Buffalo Police Department, that in May 2016 Cruz-Rivera completed a sex offender change of address form and submitted it to her office. (Exhibit 10.) Cruz-Rivera admitted in his testimony and in numerous records admitted under 801(d)(2)--his party admissions--that he was, in fact, Robert Rivera. The Court heard evidence from Corporal Chris Jaussaud of the Marion County Sheriff's Office that in 2017 he was investigating Cruz-Rivera for failing to register as a sex offender in Indiana, that he personally met with Cruz-Rivera and during that meeting told Cruz-Rivera in September 2017 that he was a sex offender who must register.

After that, Cruz-Rivera was charged in September 2017 with failure to register as a sex offender in the Marion Superior Court, so he definitely knew then that it was against the law to be a sex offender who was not registered. There was testimony from Geena Fleener with the Marion County Probation Department that she spoke with Cruz-Rivera on the telephone on March 12, 2020, when her office learned that he was, in fact, convicted of a sex offense and he was required to register. During that telephone call, she informed Cruz-Rivera that he needed to report to the registration office to register as a sex offender. The Government presented evidence from Michelle Sechrist and Brent Myers, who both testified that the registry in Indiana had been searched using all of Cruz-Rivera's names and identifiers, and they confirmed that he has never registered as a sex offender in the state of Indiana.

With respect to Cruz-Rivera's arguments that he did not know it was a federal offense and he was unaware that SORNA required him to register, the Court stated the *Vasquez* case is on point. As a matter of first impression, in *Vasquez*, the Seventh Circuit held that SORNA merely requires that a defendant have knowledge that he was required by law to register as a sex offender. *Vasquez* at 328 ("The government need not prove that, in addition to being required to register

under state law, a defendant must also know that registration is mandated by a federal statute"). *Id*. The Court determined that the Government met its burden of proof beyond a reasonable doubt, and entered a verdict of guilty. The Court ordered a presentence investigation report ("PSR") and noted that a hearing on sentencing would be scheduled once the PSR was prepared. The PSR has not yet been prepared and Cruz-Rivera has not yet been sentenced.

### III.  DISCUSSION

Since the guilty verdict, Cruz-Rivera has filed a plethora of motions as well as a premature Notice of Appeal. The Court will address the Motions and the issues raised in summation.

**A.       Cell Site Evidence**

Cruz-Rivera first argues the Court erred in allowing evidence obtained from his cell phone's location data without first holding a suppression hearing. (Dkt. 150 at 1.) A district court must hold an evidentiary hearing only "when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011)). Here, there were no disputed issues of material fact which required a suppression hearing; accordingly, no hearing was held.[1] In addition, at the bench trial, the Government did not offer any evidence concerning cell site data. As argued by the Government, Cruz-Rivera's argument concerning cell site data is "a moot point anyway because the government did not introduce any evidence related to the Defendant's cell-phone location data at trial. Therefore, this evidence could not possibly provide a reason for granting his motion for acquittal or providing a new trial because it did not support the guilty verdict". (Dkt. 161 at 2-3.) The Government is correct, cell site simulation data is not relevant to any issues of the trial.

---

[1] Moreover, in the September 13, 2021 Entry on Pending Motions, the Court clarified for the record that any evidence related to cell phone number (765) 422-2613 was suppressed and cannot be offered as evidence at the trial. (Dkt. 145 at 2-4.) No such evidence was presented at trial.

Accordingly, a judgment of acquittal or new trial is not warranted on this basis.

**B.     Sufficiency of the Evidence**

In his various filings, Cruz-Rivera challenges the sufficiency of the evidence. He argues that Deputy U.S. Marshal Robert Jackson, Travis Micheler, Joyce Williams, Chris Jaussaud, Tyra Stephens, Geena Fleener, and Michelle Sechrist each provided testimony that provided the Court with reasonable doubt that Cruz-Rivera was notified of his duties to register as a sex-offender. He argues that these witnesses' testimony "contained multiple contradictory conflicting details," which created a reasonable doubt of his guilt. (*See* Dkt. 150 at 6; Dkt. 152 at 4-5; Dkt. 157; Dkt. 159 at 3-5.)  The Court disagrees. The Court assessed the credibility of each witness as they testified and a majority of these witnesses' testimony was corroborated by other evidence admitted during the trial. Moreover, even if the witnesses provided conflicting testimonies, that alone is not reason to grant Cruz-Rivera's motions. (*See United States v. Memar*, 906 F.3d 652, 658 (7th Cir. 2018) (affirming the district court's denial of Rule 33 and Rule 29 motions even after recognizing that the "jury was thus presented with conflicting evidence.").)

Relying on *Carr v. United States* 130 S.Ct. 2229 (2010), Cruz-Rivera argues "the jurisdictional clause of interstate commerce can only be invoked if there is proof that the travel was for the purpose of avoiding SORNA registration" (Dkt. 162 at 4). But Cruz-River is mistaken, both *Carr* and *Vasquez* confirm that §2550 "criminalizes a knowing failure to register when the sex offender is either required to register under federal law or *travels in interstate or foreign commerce.* " *Vasquez* at 330. (emphasis added). Thus, a sequential reading of the statute "helps to assure a nexus between a defendant's interstate travel and his failure to register as a sex offender." *Carr,* at 2234. In other words, the Government does not have to prove that Cruz-Rivera traveled in interstate commerce with the criminal intent of avoiding SORNA registration, it merely

8

has to prove that after he was convicted of Rape (which required him to register as a sex offender), he traveled in interstate commerce and thereafter failed to register as a sex offender at the new location. The Government has proven this beyond a reasonable doubt.

Cruz-Rivera also contends the Government's witnesses did not provide sufficient evidence to prove the "knowing" element of the offense beyond a reasonable doubt. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. *Federal Criminal Jury Instructions, Seventh Circuit* (2020). The Court is not persuaded by Cruz-Rivera's contentions. In all of his Motions, Cruz-Rivera ignores his own statements against interest which were admitted into evidence at the trial. These statements show beyond a reasonable doubt that he knew he was a convicted sex offender, he traveled in interstate commerce, and he knowingly failed to register as a sex offender as charged in the Indictment. Cruz-Rivera made the following statements in Court filings:

> "In 2017[,] the State of Indiana charged Mr. Cruz-Rivera with registry offenses, but dismissed them on November 5, 2018." (Dkt. 41 at 19.)
>
> "Mr. Cruz-Rivera was informed, by the Judge, to "register" in New York only; the Judge did not state for how long." (Dkt. 50 at 4.)
>
> "Mr. Cruz-Rivera does not dispute his presence in the State of Indiana." (Dkt. 50 at 4.)
>
> "…when an employee of a New York Foundlin [sic] group home gave detectives the name ROBERT RIVERA, d.o.b. 2/5/1982, which was the name given to Mr. Cruz-Rivera at 12 years of age by a transit employee that found him alone in a New York City subway station." (Dkt. 50 at 16.)
>
> "Mr. Cruz-Rivera was convicted under the name ROBERT RIVERA, which had been his cognizable name since the age of 12." (Dkt. 50 at 24.)
>
> "Given the specific responsibilities outlined under Title 34, United States Code, Section 20919, Mr. Cruz-Rivera did not create the circumstances that prevented his compliance." (Dkt. 50 at 24.)
>
> "That on April 20, 2020, Marion County Probation Supervisor "Joshua Herman"

>provided government agent Robert Jackson with Mr. Cruz-Rivera's mobile phone number (i.e. 317-795-7636) (Dkt. 46-1)." (Dkt. 61 at 2.)
>
>"That Marion County Probation Officer Geena Fleener called 317-795-7636 on March 12, 2020, and again on March 17, 2020. (Dkt. 46-1)." (Dkt. 61 at 3.)
>
>"This evidence is introduced to establish that Mr. Cruz-Rivera did reside in Indiana, and was well supported." (Dkt 62 at 1.)
>
>"Mr. Cruz-Rivera's employment history in Indianapolis include[s] being a successful cook/action cook at Lucas Oil Stadium, the Indiana Convention Center, Eskenazi Hospital, Sheraton Hotel, JW Marriott Hotel, the Marriott restaurant, and Hawthorne Elementary School through various agencies." (Dkt. 70 at 6.)
>
>"At all times I was in the custody of children services in New York the name assigned to me was ROBERT RIVERA." (Dkt 93 at 14.)
>
>"It is Mr. Cruz-Rivera's affirmative defense that there were uncontrollable circumstances preventing compliance." (Dkt 94 at 10.)
>
>"Here, the evidence shows that Mr. Cruz-Rivera was convicted of a crime covered under SORNA." (Dkt. 94 at 13.)
>
>"Absent any evidence of the Defendant's propensity to commit a sexual offense, his failure to register under SORNA laws due to uncontrollable circumstances did not create a substantial risk or imminent danger against the public." (Dkt 94-11 at 3.)
>
>"The government's motion to admit Mr. Cruz-Rivera's prior sex-conviction into evidence should be denied as moot. Mr. Cruz-Rivera does not, and has never denied that he was wrongfully convicted of rape when he was a teenager." (Dkt 95 at 2.)

This evidence, corroborates the testimony of the witnesses and documentary evidence admitted at trial.

Contrary to his assertions that the Court rejected all argument related to his affirmative defense-lack of notice, (Dkt. 163 at 1), that evidence and argument was considered. In reaching the verdict, the Court considered Cruz-Rivera's defense "that uncontrollable circumstances prevented him from complying with SORNA registration." However, the Court rejected this defense--that he was prevented from registering as a sex offender because proper notification

10

procedures were not adhered to--as there was substantial evidence to show otherwise. After he traveled to Indiana, Cruz-Rivera was put on notice several times that he needed to register in Indiana as a sex offender, but he never did so. He presented no uncontrollable circumstances at trial, which prevented him from complying with SORNA registration.

There was substantial direct and circumstantial evidence presented at the trial to convince the Court beyond a reasonable doubt that: (1) Cruz-Rivera was previously convicted of Rape, a qualifying sex offense triggering the registration duty; (2) Cruz-Rivera traveled in interstate commerce to and from Indiana; and (3) Cruz-Rivera knowingly failed to register as required by SORNA. Accordingly, Cruz-Rivera's motions for a new trial and for a judgment of acquittal based on sufficiency of the evidence are **denied**.

C. **Denied a Fair Trial**

Next, Cruz-Rivera argues that he was denied a fair trial because "he was prevented from wearing personal clothing" at the trial, citing *Estelle v. Williams*, 425 U.S. 501, 506 (1976). (Dkt. 152 at 2.) In *Estelle*, the court held that it may violate the Fourteenth Amendment to require a criminal defendant to stand trial in prison clothes because it "*might* have a significant effect on the jury's feelings about the defendant." 425 U.S. at 505 (citation omitted, emphasis added). However, this was a bench trial, and Cruz-Rivera's pretrial detention status had no impact whatsoever on the Court's verdict. As noted by the Government, "absent a clear showing of substantial prejudice, a bench trial judge is presumed to have considered only relevant and admissible evidence in reaching his findings." *U. S. ex rel. Placek v. State of Ill.*, 546 F.2d 1298, 1304 (7th Cir. 1976). Cruz-Rivera has shown no substantial prejudice because he wore jail clothing during his bench trial.

Cruz-Rivera contends he was denied a fair trial and the verdict should be set aside due to

various difficulties he had in preparing for trial, in part, because he "did not have the assistance of counsel." (Dkt. 150 at 11.) Cruz-Rivera was warned by both the Magistrate Judge and the undersigned of the pitfalls of self-representation. On several occasions the Court inquired, and Cruz-Rivera maintained that he wished to represent himself. On May 26, 2021, Cruz-Rivera filed a Notice on Intent to Exercise Right of Self-Representation (Dkt. 26). Following a *Faretta* hearing, the Court granted his motion. (Dkt. 28.) Cruz-Rivera insisted on having his trial at the earliest possible date, objecting when the trial was delayed by a month after he was placed in quarantine related to COVID-19 concerns at the Marion County Jail. (Dkt. 141.) Cruz-Rivera never requested a delay of the trial to better prepare, and during trial did not bring any difficulties to the Court's attention. As argued by the Government, "[w]hile he may have faced challenges in preparing for trial, they were challenges of his own creation." (Dkt. 161 at 4). Under these circumstances, Cruz-Rivera's challenges at trial do not provide grounds for vacating the verdict after the fair trial that occurred here.

In his reply, Cruz-Rivera alleges that the Court denied his request to appoint a handwriting expert at docket 77. (Dkt. 163 at 3). Cruz-Rivera's motion for the appointment of a handwriting expert pursuant to Rule 706 of the Federal Rules of Evidence, to Rule 706 of the Federal Rules of Evidence (Dkt. 64), was denied. However, in denying that request, the Court explained

> "Federal Rule of Evidence 706 allows appointment of an expert witness if necessary to help the court understand the issues, not to assist a party in preparing his case." *Dobbey v. Carter*, 734 F. App'x 362, 364–65 (7th Cir. 2018) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997)); *Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) (citations omitted). At this time, the Court does not discern a need for a handwriting expert. During trial, the Court will be able to assess the witnesses' credibility and determine if it needs expert evidence to resolve any outstanding matters. Thus, the Defendant may renew his request for the Court to appoint a Rule 706 handwriting expert if such need arises. Accordingly, the Defendant's request for the appointment of a handwriting expert is DENIED at this time.

(Dk. 76 at 2.) At no time did Cruz-Rivera explain how a handwriting expert would assist the Court as required for a Rule 706 expert, nor did he renew the request for a handwriting expert, or seek funds as an indigent defendant so that he could retain an expert. Cruz-Rivera was given a fair trial, and his Motions for acquittal or a new trial on these basis are **denied**.

D. **Motions for Reconsideration**

Concerning his requests for reconsideration of the denial a judgment of acquittal, request for reconsideration based on manifest errors of law, and request for immediate release; Cruz-Rivera has not demonstrated a manifest error of law or fact, nor has he shown that the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties. Accordingly, the Manifest Error of Law (Rule 29 Reconsideration) (Dkt. 152), Request for Review of Plain Error and for Immediate Release (Dkt. 159), and Motion for Reconsideration of Motion for a Judgment of Acquittal at Docket No. 92 (Dkt. 156), are each **denied**.

E. **Motion to Stay Appeal**

As noted above, Cruz-Rivera has not yet been sentenced and final judgment has not been entered. Cruz-Rivera filed a premature notice of appeal October 8, 2021. (Dkt. 153). His motion requesting that the trial court stay his appeal, (Dkt. 160), is **denied** because that request should be directed to the Court of Appeals for the Seventh Circuit. The motion is also **moot** because apparently, he made the request to the appellate court and the Seventh Circuit has granted Cruz-Rivera's motion for voluntary dismissal of his appeal (*see* Dkt. 164.)

## IV. CONCLUSION

For the reasons stated above, Defendant Roberto Cruz-Rivera's Motion for Judgment of Acquittal/New Trial (Dkt. 150), Manifest Error of Law (Rule 29 Reconsideration) (Dkt. 152),

Reconsideration of Motion for a Judgment of Acquittal at Docket No. 92 (Dkt. 156), Request for Review of Plain Error and for Immediate Release (Dkt. 159), Request for to Stay of Appeal (Dkt. 160), and Motion to Arrest Judgment (Dkt. 162) are each **DENIED**.

    **SO ORDERED.**

Date: 10/28/2021

                                                   Hon. Tanya Walton Pratt, Chief Judge
                                                   United States District Court
                                                   Southern District of Indiana

DISTRIBUTION:

Roberto Cruz-Rivera, #26948-017
Marion County Jail
40 South Alabama Street
Indianapolis, Indiana  46204

Dominic David Martin-Standby Counsel
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov