**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00160-TWP-DLP |
| ) | |
| ROBERTO CRUZ-RIVERA, ) | |
| aka Robert Rivera ) | |
| aka Roberto Carlos Cruz Rivera, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION FOR RELEASE PENDING APPEAL**
**AND MOTION FOR RECONSIDERATION**

This matter is before the Court on *pro se* Defendant Roberto Cruz-Rivera's ("Cruz-Rivera") Motion For Release Pending Appeal (Dkt. 298), and Motion for Reconsideration of Judgment (Dkt. 299). For the reasons stated below, the Motions are **denied**.

**I.   DISCUSSION**

On May 18, 2020, an Indictment was filed under Case No. 1:21-cr-00160-TWP-DLP, which charged Cruz-Rivera with Failure to Register as a Sex Offender. (Dkt. 12.) This felony offense carries a statutory maximum sentence of ten years' imprisonment. (Dkt. 4.) A detention hearing before the Magistrate Judge was scheduled for June 3, 2021, but at that hearing, Cruz-Rivera waived a detention hearing pursuant to 18 U.S.C. §3142(f)(2), "subject to re-filing within statutory guidelines". (Dkt. 32.) The waiver was accepted by the Magistrate Judge and Cruz-Rivera was ordered detained pending trial. *Id*. On May 26, 2021, Cruz-Rivera filed a Notice of Intent to Exercise Right of Self-Representation (Dkt. 26). Following a *Faretta* hearing, the Court granted his motion. (Dkt. 28.) On several occasions thereafter, Cruz-Rivera vacillated between accepting appointed counsel or self-representation. Ultimately, he waived jury and opted for self-

representation for his trial. (Dkts. 56 and 57.) Cruz-Rivera later filed several Motions for Pretrial Release (*See* Dkts. 68 and 70) and those Motions were denied. (*See* Dkt. 110.)

A bench trial was held on September 22, 2021 on the charge that Cruz-Rivera failed to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Following the presentation of evidence and final argument, the Court orally stated its findings of fact and conclusions of law, and determined that the Government met its burden of proving each of the elements beyond a reasonable doubt and Cruz-Rivera was found guilty of Count 1: Failure to Register as a Sex Offender. On February 24, 2022, he was sentenced to 41 months' imprisonment followed by 5 years of supervised release and judgment was entered. (Dkt. 302.) Following sentencing, Cruz-Rivera requested and the Clerk filed his Notice of Appeal. (Dkt. 297.) Cruz-Rivera now moves for Release Pending Appeal (Dkt. 298) and for Reconsideration of the Judgment of conviction. (Dkt. 299). The Court will address each motion in turn.

**A.     Motion for Release Pending Appeal**

> [T]the judicial officer shall order a person who has been found guilty of an offense and sentenced to a term of imprisonment . . . detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(A) and (B). The burden of showing the merit of the appeal rests with the defendant. *Bilanzich,* 771 F.2d 292, 298 (7th Cir. 1985).

In his Motion, Cruz-Rivera states that he seeks an order granting release pending appeal "for the reasons stated on Docket No. 244 under the conditions more fully specified on the filing at Docket No. 281. If the appeal is affirmed Mr. Cruz-Rivera will surrender at Tallahassee Federal Detention center in Tallahassee, Florida." (Dkt. 298.) Docket No. 244 is a Motion for Release Pending Appeal in which Cruz-Rivera requests "an order to be released pending the outcome of the appeal to care for his family, to work, and to fully comply with all applicable SORNA statutes immediately upon release." (Dkt. 244.) And Docket No. 281 is a Motion for Release Pending Sentencing and Evaluation of Appropriate Sentence, in which Cruz-Rivera discusses, amongst other things, that if he is released to a halfway house or other form of community housing with restrictions, he will not flee or pose a danger to any other person of the community if released pending sentencing. (Dkt. 281.)

Because Cruz-Rivera does not request release based on the merit of his appeal, the Court need not consider those factors. The Court need only determine whether there is no condition or combination of conditions that would reasonably assure Cruz-Rivera's appearance as required and the safety of any other person and the community as required under §3142(e) and (f).

Pretrial, the Government presented substantial evidence that Cruz-Rivera poses a danger to the community. He is a convicted sex offender and his convictions for the offenses of Assault with Intent to Cause Serious Injury with a Weapon, in the first degree, and Rape, Forcible Compulsion, in the first degree, are both violent offenses. (Dkt. 10 at 3.) The presentence investigation report provides graphic details of the offenses. (Dkt. 284 at 8 ¶ 36.) While serving time for those offenses, Cruz-Rivera was convicted of Assault in the third degree with Intent to Cause Physical Injury. *Id* at 9 ¶ 37. Upon release from his imprisonment, he committed more crimes, including auto theft and resisting law enforcement. *Id*. at 9-10. In Cruz-Rivera's pretrial

services report, the Probation Officer recommended detention based on (1) Prior Arrests and Convictions, (2) Violent Behavior History, (3) Pretrial, Probation, Parole, or Supervised Release Status and Compliance, (4) History Involving Sex Offense/Abuse, and (5) History Involving Violence pending the trial. (Dkt. 10 at 6.) The Court previously determined by clear and convincing evidence that Cruz-Rivera's release would present a danger to others and the community. (Dkt. 110 at 7.)

Concerning risk of flight, the Court previously determined that the Government had presented substantial evidence that Cruz-Rivera is a risk of flight.

> Prior to his arrest, Cruz-Rivera was living in Florida. *Id*. at 1. He has no family residing in Indiana, owns no property in Indiana, has no financial ties to Indiana, and does not have employment in Indiana. *Id*. Other than living in Indiana from 2017-2019, he has no connections to Indiana. *Id*. And despite Cruz-Rivera's assertions to the contrary, he has a history of violating conditions of release. On August 28, 2017, he violated the terms of his community release. *Id*. at 3. On August 6, 2018, he failed to appear in court. *Id*. In 2020, he violated the terms of probation—twice. *Id*. at 4. Although he no longer has an active warrant in Indiana state court, Cruz-Rivera has an active outstanding warrant from Columbus, Ohio because he failed to appear for court. *Id.* The Probation Officer assessed that Cruz-Rivera poses a risk of nonappearance for the following reasons: (1) Lack of Familial, Residential, Community, Employment, Property, and Financial Ties, (2) Criminal History Including Record of Failure to Appear, and (3) Pretrial, Probation, Parole, or Supervised Release Status and Compliance. *Id*. at 4. In addition, Cruz-Rivera scored a Category 3 on a pretrial risk assessment, indicating a moderate risk of flight and/or danger to the community. (Dkt. 10 at 5.)

(Dkt. 110 at 7-8.) Post-trial, Cruz-Rivera's circumstances have changed for the worse, in that he has now been convicted of Failure to Register as a Sex Offender and sentenced to 41 months imprisonment, and supervised release for five years. (Dkt. 302.) Since his release from prison in 2017, he has lived in New York, New York; Indianapolis, Indiana; Gainesville, Florida; Grand Rapids, Michigan; and Columbus, Ohio. (Dkt. 284 at 14.) At his sentencing hearing, Cruz-Rivera conceded that his living situation has never been stable. *Id.*

The Court has weighed the pretrial and post-trial evidence before it on the issue of release

or detention pending appeal, and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g). Having weighed the evidence and based upon the totality of evidence, the Court finds by clear and convincing evidence that Cruz-Rivera remains a danger to others and the community if he is released pending appeal. The Court determines by clear and convincing evidence, that Cruz-Rivera is also a serious risk of flight. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk of flight or danger to others, that Cruz-Rivera's release poses. As the Court stated during the sentencing hearing, Cruz-Rivera has suffered a great deal of trauma in his life and he agreed that he is in need of treatment for that trauma. That treatment can begin while he is awaiting the appeal of this matter. Because Cruz-Rivera has failed to establish that he meets any of the criteria required by 18 U.S.C. § 3143(b), his Motion is **denied**.

**B.      Motion for Reconsideration of Judgment**

In his Motion for Reconsideration of Judgment, Cruz-Rivera states:

> Now come[s] Defendant Roberto Cruz-Rivera …, pro se, for an order granting reconsideration of the judgement [sic] for the reasons stated on the filings at Docket No. 219, Docket No. 271, Docket No. 272, Docket No. 278, Docket No. 280, and Docket No. 283, by applying a decrease of levels pursuant to U.S.S.G. § 2A3.5(a)(2) and U.S.S.G. § 3E1.1 and resentencing the undersigned based on the Sentencing Policy of the said guidelines.

(Dkt. 299.)

Cruz-Rivera has not demonstrated a manifest error of law or fact, nor has he shown that the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, which would require the Court to reconsider the judgment of conviction. The Court has previously denied reconsideration of the finding of guilty in several entries. In particular, the Court's Order Denying Defendant's Motions for Acquittal and Motions for a New Trial and Motion to Stay, states in detail the Court's findings of fact and conclusions of

law considered in determining that there was both substantial direct and circumstantial evidence presented at the trial to convince the Court beyond a reasonable doubt that: (1) Cruz-Rivera was previously convicted of Rape, a qualifying sex offense triggering the registration duty; (2) Cruz-Rivera traveled in interstate commerce to and from Indiana; and (3) Cruz-Rivera knowingly failed to register as required by SORNA. (Dkt. 167.) Those considerations still apply.

In imposing sentence, the Court carefully considered Cruz-Rivera's filings at Docket No. 219, Docket No. 271, Docket No. 272, Docket No. 278, Docket No. 280, and Docket No. 283—consisting of sentencing memorandums, notices of sentencing factors for the court to consider and evidence concerning objections to the presentencing report—and none support reconsideration of the sentence that was imposed. Accordingly, the Motion for Reconsideration is **denied**.

## II.　CONCLUSION

For the reasons stated above, *pro se* Defendant Roberto Cruz-Rivera's Motion For Release Pending Appeal, Dkt. [298], and Motion for Reconsideration of Judgment, Dkt. [299], are **DENIED**. Because his appeal is now pending, Cruz-Rivera should direct all further filings to the United States Court of Appeal, Seventh Circuit, Case Number 22-1325.

**SO ORDERED.**

Date: 3/4/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Roberto Cruz-Rivera, #26948-017
Oldham County Detention Center
3405 West Highway 146
Lagrange, KY 40031

Finis Tatum, IV- Standby Counsel
TATUM LAW GROUP, LLC
ftatum@tlgindy.com

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov