| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-160-TWP-DLP-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROBERTO CRUZ-RIVERA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

## DISCUSSION

Defendant Roberto Cruz-Rivera ("Cruz-Rivera") has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] (Dkt. 360.) In his motion, he seeks immediate release to offer support to his friend whose son was murdered in Indianapolis in 2018; and to offer his assistance in the African American community which has historically "struggled with racial injustice and poverty." *Id*. at 12. He petitions the Court for immediate release offering the "prospect of hope in healing a wounded community" and to provide support for his friend

---

[1] The Court notes that despite Cruz-Rivera's pending appeal, it maintains jurisdiction to address and in this case, deny his motion for compassionate release. *United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) (cleaned up); *see also* Fed. R. Crim. P. 37(a).

and others like her in Indianapolis. *Id*. Cruz-Rivera also appears to seek release due to certain prison conditions and situations between inmates and staff at his currently facility.[2] (Dkt. 388.)

The Government opposes the Motion and asserts that Cruz-Rivera's immediate release would not comport with the sentencing factors in 18 U.S.C. § 3553(a). In particular, the Government argues that

> Cruz-Rivera is a convicted sex-offender who raped, stabbed, and sodomized women in a cemetery. After serving time for that offense, he moved to Indiana, living and working in the state without registering as a sex offender. During that time, he committed additional felony offenses and worked around children. He was sentenced just five months ago for failing register as a sex offender. The sentence he received was just and appropriate. Cutting his sentence by a year would drop his sentence far below the guidelines. Such a light sentence for such a serious violation of the law would not provide just punishment for the offense under 18 U.S.C. § 3553(a).

(Dkt. 361 at 3.)

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must

---

[2] Cruz-Rivera seeks release or transfer. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Cruz-Rivera's sentence to be served on home confinement or to order his transfer to another facility. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Cruz-Rivera's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

"consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

While Cruz-Rivera's desire to be there for his friend who suffered the loss of a loved one is admirable, the Court declines to exercise its discretion to find that this is an extraordinary and compelling reason to grant him release. And while the Court applauds his desire to provide much needed aid in the Indianapolis African American community, this desire is not a reason for release. Many inmates have friends and communities they would like to help. Being unable to do so is a consequence of incarceration, not an extraordinary situation warranting a sentence reduction, whether standing alone or in combination with any other reason.

The Court also declines to exercise its discretion to find that Cruz-Rivera's concerns about his conditions of confinement or the issues he identifies between staff and inmates at his current facility are extraordinary and compelling reasons to grant him compassionate release, whether standing alone or in combination with any other reason. Such allegations might form the basis for relief in a civil suit filed in Cruz-Rivera's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Finally, to the extent Cruz-Rivera intended to argue that his rehabilitation is an extraordinary and compelling reason to grant release, the Court finds that argument unavailing. While the strides Cruz-Rivera has made in prison are admirable, rehabilitation alone cannot be

an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Cruz-Rivera's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Because Cruz-Rivera has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553 weigh in favor of release. Accordingly, Defendant's motion for compassionate release, dkt. [360], is **denied**.

**IT IS SO ORDERED.**

Dated: 3/21/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Roberto Cruz-Rivera
Reg. No. 26948-017
FCI Coleman Medium
Federal Correctional Institution
P.O. Box 1032
Coleman, FL 33521