UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-00160-TWP-KMB |
| | ) |
| ROBERTO CRUZ-RIVERA, | ) |
| aka Robert Rivera | ) |
| aka Roberto Carlos Cruz Rivera, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND
MODIFYING THE REPORT AND RECOMMENDATION**

This matter is before the Court on *pro se* Defendant Roberto Cruz-Rivera's ("Cruz-Rivera")

Objections to the Magistrate Judge's Report and Recommendation (Dkts. 463, 464) and the Report

and Recommendation (Dkt. 461). For the reasons stated below, the Objections are **sustained in**

**part and overruled in part**, and the Report and Recommendation is **modified**.

## I.  **LEGAL STANDARD**

A district court may designate a magistrate judge to conduct hearings to modify, revoke,

or terminate supervised release, including evidentiary hearings, and to submit to the judge

proposed findings of fact and recommendations for such modification, revocation, or termination

by the judge, including in the case of revocation, a recommended disposition under 18 U.S.C.

§ 3583(e). *See* 18 U.S.C. § 3401(i). The magistrate judge's recommendation on a dispositive matter

is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify"

the findings and recommendations, and the district court need not accept any portion as binding.

*See* Fed. R. Crim. P. 59. After a magistrate judge makes a report and recommendation, either party

may object within fourteen days of being served with a copy of the same. The district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. *Id.*

## II.  DISCUSSION

Defendant Roberto Cruz-Rivera was convicted of failing to register as a sex offender, a requirement imposed by federal law in light of his conviction in New York for rape. *See* 18 U.S.C. §2250(a). On February 24, 2022, he was sentenced by the undersigned to 41 months imprisonment, followed by 5 years of supervised release. (Dkt. 302). He commenced supervised release on January 15, 2025, after serving his term of incarceration. (Dkt. 429). On July 3, 2025, a United States Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") *Id.* Pursuant to 18 U.S.C. § 3401(i), the Court designated the criminal duty Magistrate Judge to appoint counsel for Cruz-Rivera, to conduct the hearing on the Petition, and to submit to this judge proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e). (Dkt. 431).

A hearing was held before the Magistrate Judge on the Petition on March 10, 2026. Cruz-Rivera appeared in person with his CJA appointed counsel, Stacy Uliana, but after his request for a continuance was denied, he relinquished counsel and elected to represent himself. The Magistrate Judge conducted a *Faretta* Hearing and allowed Cruz-Rivera to proceed *pro se*. CJA counsel Uliana was appointed to serve as standby counsel. The government appeared by Adam Eakman, Assistant United States Attorney. Probation appeared by Officer Justin Meier. The Magistrate Judge conducted procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583 (e). The alleged violations were:

(1): **"You shall not commit another federal, state, or local crime"**

On June 27, 2025, Mr. Cruz-Rivera was arrested by the Lawrence Police Department, in Indianapolis, Indiana. Charges were filed on July 1, 2025, under cause number 49D21-2507-F4-019989. Mr. Cruz-Rivera is charged with the following:

I: Unlawful Possession of a Firearm by Serious Violent Felon, felony
II: Unlawful Carrying of a Handgun with Prior Felony Conviction within Last 15 Years, felony
III: Resisting Law Enforcement with a Prior, felony
IV: Leaving the Scene of an Accident - Bodily Injury, misdemeanor

(2) **"You shall not own, possess, or have access to a firearm, ammunition, destructive    device or dangerous weapon."**

On June 27, 2025, Mr. Cruz-Rivera was arrested by the Lawrence Police Department and charged formally under cause number 49D21-2507-F4-019989. According to the Affidavit for Probable Cause, Mr. Cruz-Rivera was taken into custody after a felony traffic stop was conducted. An inventory of the vehicle Mr. Cruz-Rivera was driving yielded a Taurus G2C nine-millimeter handgun, a loose nine-millimeter round, and a second loaded black magazine.

(Dkt. 429).

The revocation and disposition hearing held on March 10, 2026, was contested. Government witnesses Officers Jason Heiney and Wyatt Stevens testified, and Cruz-Rivera cross-examined the witnesses. (Dkt. 469). Government Exhibits 1, 2, and 3 were admitted, and Defendant Exhibits A and B were admitted. The parties presented oral argument on the sufficiency of evidence and disposition. *Id.* The Magistrate Judge found *insufficient* evidence to support violation of condition 1, subsets I and IV: unlawful possession of a firearm by a serious violent felon, and leaving the scene of an accident and causing bodily injury. *Id.* at 117. But the Magistrate Judge found revocation was appropriate based on sufficient evidence of possession or access to a firearm or ammunition (by the fact that the firearm was intermixed with Cruz-Rivera's personal belongings, including his wallet, and that his DNA was on the firearm) and resisting law enforcement. *Id.*

The Magistrate Judge found (a) the highest grade of violation is a Grade B violation, (b) Defendant's criminal history category is V, and (c) the range of imprisonment applicable upon revocation of supervised release is 18 to 24 months' imprisonment. (Dkt. 461 at 2). The Government recommended a sentence of 24 months, and Cruz-Rivera argued to be placed in a work release program. *Id.*

As required, following the hearing the Magistrate Judge issued a Report and Recommendation on March 12, 2026, which included the following recommendation:

> [H]aving considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated condition number 1, subset II and III only and condition number 2 in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 24 months with 24 months of supervised release to follow, consecutive to any sentence received in the State Court matter (49D21-2507-F4-019989).

> In addition to the mandatory conditions of supervision, the [additional] conditions of supervised release [listed in the Report and Recommendation] will be imposed . . . .

(Dkt. 461 at 3–4 (bold emphasis omitted)). Cruz-Rivera was ordered into custody immediately, pending the District Judge's action on this Report and Recommendation. The parties were notified that the District Judge may reconsider any matter assigned to a Magistrate Judge and that they had fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge. *Id.*

On March 20, 2026, and again on March 23, 2026, Cruz-Rivera filed *pro se* Objections to the Report and Recommendation. (Dkts. 463 and 464). In the first Objection, Cruz-Rivera argues the Court should have granted CJA counsel Uliana's request for a continuance to properly prepare for the hearing; and the Court's initial recommendation of two years' confinement with no supervised release to follow should be reinstated and modified. (Dkt. 463). Cruz-Rivera then requests a modification of disposition to "eighteen months confinement in the Federal Bureau of

Prisons," placement in a federal medical camp where he can receive CPAP treatment for his obstructive sleep apnea; and no period of supervised release to follow imprisonment. *Id.* at 9. He also argues the Report and Recommendation should be rejected and held in abeyance pending resolution of the State Court case. *Id.* at 10.

In his second Objection, Cruz-Rivera repeats the objections stated in his first Objection, adds an objection to the sufficiency of evidence presented at the contested revocation and disposition hearing, and asserts that the officer witnesses gave false testimony. (Dkt. 464). He concludes by stating,

> the Report and Recommendation should be considered anew and modified as stated above directing Mr. Cruz[-Rivera's] placement in a medical facility with his CPAP machine to be for no more than eighteen months with time credit for lack of recidivism in violating SORNA laws with no supervised release to follow, or for the violation to be made null & void.

*Id.* at 11.

The Government opposes Cruz-Rivera's Objections and points out that on February 24, 2026, the parties appeared before another Magistrate Judge for an initial hearing on the supervised release violation where Cruz-Rivera was represented by counsel. (Dkt. 447). After the Government proffered evidence to support the violations, probable cause was found, and the parties agreed to hold the issue of final disposition in abeyance until a revocation hearing on March 10, 2026. *Id.* Cruz-Rivera did not object to scheduling the final hearing on this date. *Id.* The Government argues the evidence introduced at the March 10 hearing overwhelmingly supports the Magistrate Judge's finding that Cruz-Rivera violated the conditions of his supervised release, and the officers' testimonies are corroborated by video from their dashboard cameras and other exhibits introduced at the hearing. *Id.* In addition, the officer who personally collected Cruz-Rivera's DNA testified

that he sent the DNA for testing and the results revealed Cruz-Rivera's DNA on the firearm that was found in the vehicle that he was driving. *Id.*

At the hearing, in support of the twenty-four-month sentence, the Government argued "these violations are exceptionally serious. You saw it, driving, speeding through a parking lot, through a gas station, hitting another vehicle, sending her, the driver, to the hospital . . . [and] on top of that, possessing a firearm." (Dkt. 469 at 118). The Government pointed out that Cruz-Rivera's first felony conviction is what made him a sex offender, and then his subsequent failure to register was a conviction for a violent rape. *Id.* Thereafter, he failed to register as a sex offender and was working at an elementary school *Id.* at 120. The Government argued Cruz-Rivera "is a very dangerous man" who also has convictions for assault in the third degree, auto theft, and resisting law enforcement. *Id.*

At the hearing, Cruz-Rivera argued a reduced sentence was appropriate because he was a 19-year-old teenager when he was convicted of the rape, he served 15 years in prison, and that conviction is currently under review by the court in Staten Island, New York. He pointed out that since his release he was in college, obtained two degrees, and was a church member, and he denies that he is a danger to anyone. *Id.* at 122.

In issuing his Report and Recommendation, the Magistrate Judge explicitly considered the factors set forth in 18 U.S.C. § 3553(a) and § 3583(c), which are fully set forth in the record, and found by a preponderance of evidence that Cruz-Rivera violated condition 1 of the Petition with respect to Unlawful Carrying of a Handgun with Prior Felony Conviction within Last 15 Years, and Resisting Law Enforcement with a Prior; and condition 2 of the Petition, that Cruz-Rivera possessed a firearm while under supervised release. (Dkt. 463 at 2). After hearing arguments from both parties, the Magistrate Judge recommended that Cruz-Rivera's supervised release be revoked,

6

and that he should be sentenced for a period of twenty-four (24) months with two years of supervised release to follow, consecutive to any sentence received in the State Court matter (49D21-2507-F4-019989). *Id.*

The undersigned has reviewed the transcript of these proceedings (Dkt. 469), the exhibits admitted at the hearing (Dkts. 458-1, 458-2, 458-3), as well as the video evidence. The Magistrate Judge's recommendation is legally sound, supported by substantial evidence, and there are no errors of law. Allegation No. 1 concerns Cruz-Rivera's pending case in the Marion Superior Court, in which Cruz-Rivera is charged in cause number 49D21-2507-F4-019989 with Count I: Unlawful Possession of a Firearm by Serious Violent Felon, felony; Count II: Unlawful Carrying of a Handgun with Prior Felony Conviction within Last 15 Years, felony; Count III: Resisting Law Enforcement with a Prior, felony; and Count IV: Leaving the Scene of an Accident - Bodily Injury, misdemeanor. Allegation No. 2 concerns Cruz-Rivera possessing or having access to a firearm. The Magistrate Judge found insufficient evidence on certain allegations and sufficient evidence on certain allegations. Cruz-Rivera faced a guideline range of imprisonment of 18–24 months as per U.S.S.G. § 7B1.1. The highest grade of violation is a Grade B violation, and his criminal history category is V.

The video evidence and exhibits clearly show that Cruz Rivera violated traffic laws, fled from law enforcement in his vehicle and struck a civilian's vehicle; incident to his arrest, a firearm was located in plain sight in the front seat of his car and upon forensic testing, Cruz Rivera's DNA was located on the firearm. Upon *de novo* review of the evidence, the Court finds the Magistrate Judge's recommended twenty-four-month sentence is fair and reasonable. This period of incarceration will remove Cruz-Rivera from the negative elements that caused him to resume criminal activities despite being on supervised release and will protect the public.

The evidence against Mr. Cruz-Rivera in his State Court case appears to be strong. Should he be convicted of the above referenced charges, the recommendation that any term of imprisonment imposed as a result of the revocation should be served consecutively to any other custodial sentence is appropriate. However, the undersigned finds that no additional supervision is warranted in this case due to the likelihood of a lengthy prison sentence and subsequent community supervision should Cruz-Rivera suffer a conviction in the pending State Court matter. The undersigned therefore **modifies** the recommendation, and upon completion of Cruz-Rivera's twenty-four-month sentence in this case, no supervised release will follow, and Cruz-Rivera will have completed his obligations under this case.

### III.  CONCLUSION

For the reasons stated above, Defendant Roberto Cruz-Rivera's ("Cruz-Rivera") Objections to the Report and Recommendation (Dkts. 463, 464) are **SUSTAINED IN PART AND OVERRULED IN PART**. The objection to the twenty-four-month term of imprisonment is **overruled**, and the objection to two years of supervised release is **sustained**.

The Report and Recommendation is **MODIFIED** as follows:

Having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, the Court finds that Cruz-Rivera violated condition number 1, subsets II and III only, and condition number 2 in the Petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with no supervised release to follow, consecutive to any sentence received in the State Court matter (Marion Superior Court Case No. 49D21-2507-F4-019989).

The Court further recommends that Cruz-Rivera be designated to a facility where he can receive medical treatment for his sleep apnea condition.

Cruz-Rivera is reminded that upon release from imprisonment, he is still required to register as a sex offender and comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) or any state sex offender registration agency in the location where he resides, works, or is a student—based on the conviction for a felony crime in the State of New York, that being First Degree Rape, in violation of N.Y. Penal Law § 130.35(1).[1]

The Probation Officer is **DIRECTED** to prepare a Judgment for the Court's review and signature.

**SO ORDERED.**

Date:  4/21/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Roberto Cruz-Rivera, #82985
Delaware County Jail
3100 S. Tillotson Avenue
Muncie Indiana, 47302

Stacey Uliana- Standby Counsel
ULINAN LAW
stacy@ulianalaw.com

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
adam.eakman@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov

Electronic Notice to USPO

---

[1] Cruz-Rivera was convicted of first-degree rape and first-degree assault in New York in 2001 after he violently attacked two women who suffered from a mild mental disability. He had stabbed both women and raped one woman.